1

2

3

4

5

6                                   UNITED STATES DISTRICT COURT

7                                          DISTRICT OF NEVADA

8                                                      * * *
                                                         )
9     LARRY M. WISENBAKER,                               )
                                                         )
10              Plaintiff,                                )            3:03-CV-0500-LRH-VPC
                                                         )
11    v.                                                  )
                                                         )            ORDER
12    CRAIG FARWELL; et al.,                              )
                                                         )
13              Defendants.                               )
      _____                   )

14

15          Before the court are plaintiff Larry M. Wisenbaker's ("Wisenbaker") proposed pretrial order

16    (Doc. #129[1]) and defendants Jackie Crawford, Craig Farwell, and the Nevada Department of

17    Corrections ("NDOC") (collectively "defendants") separately filed proposed pretrial order

18    (Doc. #128).

19          The parties have filed separate pretrial orders because they dispute the remaining issues for

20    trial on Wisenbaker's prisoner civil rights complaint after the Ninth Circuit Court of Appeals

21    vacated in-part this court's order granting summary judgment in favor of defendants (Doc. #125).[2]

22    Wisenbaker contends that he still has valid claims for trial relating to: (1) defendants' policies and

23

24          [1] Refers to the court's docketing number.

25
            [2] The parties are not contesting the remaining portions of the proposed pretrial orders related to the
26    parties proposed witnesses or exhibits. Accordingly, the court shall grant the proposed pretrial orders as to these
      issues and the court's order shall only address the dispute about the remaining issues for trial.

1  procedures concerning inmate placement; (2) deliberate indifference for defendants' failure to place

2  him in protective custody; (3) inadequate training and supervision of correctional officers in the use

3  inmate call buttons; and (4) deliberate indifference for the treatment of injuries he sustained during

4  an attack by another inmate. *See* Doc. #129. In opposition, defendants contend that the only issues

5  remaining for trial are: (1) whether defendants' had knowledge that another inmate would attack

6  Wisenbaker; and (2) failed to act upon that knowledge in protecting Wisenbaker from harm. *See*

7  Doc. #128.

8        The court has reviewed the documents and pleadings on file in this matter and finds that the

9  only remaining issue for trial is a deliberate indifference claim related to defendants' failure to

10  properly train or supervise correctional officers in the use and monitoring of the prison's intercom

11  system. In its order vacating summary judgment, the Ninth Circuit concluded that this court erred in

12  "concluding that Wisenbaker presented no evidence that the defendants failed to properly supervise

13  or train correctional officers. Wisenbaker presented evidence that there were no procedures or

14  training on how to monitor or respond to the use of the prison's intercom system, creating a triable

15  issue concerning whether the defendants properly supervised or trained officers." Doc. #125. On

16  that basis alone, the Ninth Circuit remanded this action for the sole purpose of determining "in the

17  first instance whether the failure to train amounted to deliberate indifference." *Id*. Thus, based on

18  the sole issue remanded back to this court from the Ninth Circuit, the court finds that Wisenbaker

19  only has a single claim for deliberate indifference remaining in this action related to defendants'

20  failure to train or supervise correctional officers in the use of the prison intercom system. All other

21  issues identified by the parties for trial in the proposed pretrial orders are not before the court.

22  Accordingly, the court shall deny the parties' proposed pretrial orders in so far as they are

23  inconsistent with the court's finding of the remaining issue for trial.

24  ///

25  ///

26

1       IT IS THEREFORE ORDERED that plaintiff's proposed pretrial order (Doc. #129) is

2  GRANTED in-part and DENIED in-part in accordance with this order.

3       IT IS FURTHER ORDERED that defendant's separately filed pretrial order (Doc. #128) is

4  GRANTED in-part and DENIED in-part in accordance with this order.

5       IT IS FURTHER ORDERED that, in accordance with Local Rule 16-3, the parties shall file

6  and submit a proposed pretrial order consistent with this order within thirty (30) days.

7       IT IS SO ORDERED.

8       DATED this 6th day of July, 2011.

9

10                  _____

11                  LARRY R. HICKS
                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26